**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN SMITH,

                Plaintiff,

v.                                      Case No. 3:25-cv-40-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

                Defendant.

                                           /

## **OPINION AND ORDER**[2]

### **I. Status**

John Smith ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of musculoskeletal issues with his back, knee, and hip; scoliosis; and mental issues including anxiety and a "learning disability." Transcript of Administrative Proceedings (Doc. No. 10;

---

[1]     Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

"Tr." or "administrative transcript"), filed March 17, 2025, at 67, 78, 90, 102, 305, 313, 323.

On January 25, 2022, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of December 25, 2021. Tr. at 225-29 (DIB), 230-39 (SSI).[3] The applications were denied initially, Tr. at 66, 67-77, 135-38 (DIB); Tr. at 78-88, 89, 130-33 (SSI), and upon reconsideration, Tr. at 90-99, 100, 147-49 (DIB); Tr. at 101, 102-11, 143-45 (SSI).

On April 2, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] Tr. at 44-65. On April 26, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 21-37.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his lawyer. Tr. at 14-15 (Appeals Council exhibit list and order), 224 (request for review), 419-20 (brief). On July 16, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 11-13, making the ALJ's Decision the final decision of the Commissioner. On January

---

[3]    The applications were actually completed on January 11, 2022. See Tr. at 229 (DIB), 239 (SSI). The protective filing date for both the applications is listed elsewhere in the administrative transcript as January 25, 2022. Tr. at 67, 90 (DIB), 78, 102 (SSI).

[4]    The hearing was held via telephone, with Plaintiff's consent. Tr. at 46, 154, 190-91.

14, 2025, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely[5] filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in 1) evaluating the opinion of examining physician Derek Bahn, M.D.; 2) evaluating the opinion of consultative psychologist Darrin Kirkendall, Ph.D.; 3) evaluating Plaintiff's subjective complaints about how his impairments affect him; and 4) assigning a residual functional capacity ("RFC") that is "internally inconsistent and not supported by substantial evidence regarding [] Plaintiff's social limitations." Plaintiff's Brief (Doc. No. 12; "Pl.'s Br."), filed April 15, 2025, at 4, 5, 11, 15, 20 (some capitalization and emphasis omitted). On April 25, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 14; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

---

[5]     Plaintiff sought and received an extension of time to file a civil action. Tr. at 1-2, 4-6.

## II.  The ALJ's Decision

When determining whether an individual is disabled, [6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 23-36. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 25, 2021, the alleged onset date." Tr. at 23 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the

---

[6]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

following severe impairments: disorders of the spine, disorders of the knees, disorders of the hips, disorders of the shoulder, obesity, anxiety, post-traumatic stress disorder (PTSD), affective disorders, and drug and alcohol abuse." Tr. at 24 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 24 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except [Plaintiff] needs to avoid ladders or unprotected heights and the operation of heavy moving machinery; [Plaintiff] needs a low stress job, with no production line; he needs simple tasks; [Plaintiff] must avoid contact with the public or co-workers (needs tasks that do not require the assistance of others or require him to assist others in the performance of their tasks); [Plaintiff] can occasionally bend, crouch, kneel, stoop, and must avoid squatting or crawling; [Plaintiff] must avoid push/pull of arm controls and the operation of foot controls.

Tr. at 26.

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Construction Worker II." Tr. at 34 (citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 35-36. After considering Plaintiff's age ("47 years old . . . on the alleged disability onset date"), education ("limited"), work experience, and RFC, the ALJ relied on the VE's testimony

5

and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Routing Clerk," "Mico-Film Mounter," "Marker," "Document Preparer," "Para-Mutual Ticket-Checker," and "Tube Operator." Tr. at 35-36 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from December 25, 2021, through the date of th[e D]ecision." Tr. at 36 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to

6

reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

The Court addresses Plaintiff's first two issues together (the medical opinions), followed by the third and fourth issues together (subjective complaints and RFC).

### A. Medical Opinions

Plaintiff argues the ALJ erred in evaluating two medical opinions: consultative examining physician Dr. Bahn, and consultative examining psychologist Dr. Kirkendall. Pl.'s Br. at 4, 5-10, 11-15.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about

7

what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). [7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity

---

[7]    Plaintiff filed his applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[8]

Here, Dr. Bahn, together with Daniel Hutto, ARNP, authored two post-examination opinions: one on September 22, 2022, and one on December 22, 2022.[9] Tr. at 570-77, 586-93. Plaintiff contends the ALJ erred with respect to Dr. Bahn's opinions by "accus[ing] Dr. Bahn of relying on Plaintiff's subjective reports rather than basing his opinion on the objective examination findings

---

[8]    When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

[9]    For ease of reference, Dr. Bahn and Mr. Hutto's reports and opinions are hereinafter referred to as Dr. Bahn's reports and opinions.

and alleg[ing] that the findings were inconsistent with [] Plaintiff's statements at two emergency room visits in the following year where his pain reports were purportedly inconsistent." Pl.'s Br. at 7-8 (citation omitted). According to Plaintiff, the reliance on subjective complaints "is speculative" and "unsupported by the record," and the reliance on the emergency room visits "is conclusory and fails to demonstrate any meaningful conflict with Dr. Bahn's findings." Id. at 10. Moreover, Plaintiff argues Dr. Bahn's conclusions are supported by his examination findings. Id. Responding, Defendant asserts the ALJ made the required findings, and Plaintiff simply requests a "reweigh[ing]" of the evidence. Def.'s Mem. at 7-8.

The ALJ comprehensively summarized both of Dr. Bahn's reports, Tr. at 28-29, and then wrote the following when assessing each of them:

> Dr. Bahn opined that [Plaintiff] has limited functional ability due to chronic pain, weakness, and parenthesis primarily in his left shoulder, lower back, right hip, right knee, right ankle, and right foot. Dr. Bahn determined that at the time of his evaluation, there was evidence that [Plaintiff] was unemployable due to conditions mentioned; however with appropriate medical treatment he would possibly be better suited to function safely and effectively in a modified work environment. The undersigned does not find the assessment fully persuasive. Notably, [Plaintiff's] examination has not been fully consistent with other examinations noted in the record. While [Plaintiff] demonstrated reduced range of motion the lower extremities, specifically the hips and knee joints, as well as loss of strength, Dr. Bahn noted that with proper treatment [Plaintiff] would be able to work at

10

modif[ied] work environment. There must be acknowledgement as to [Plaintiff's] lack of treatment, noting that he has not exhausted all realms of treatment. Other examinations in the record demonstrated [Plaintiff] maintained full strength, and merely demonstrated paralumbar tenderness as well as tenderness in the right knee. Notably, shortly after his evaluation with Dr. Bahn he was evaluated by Dr. Kirkendall who noted no deficits in his gait and noted [Plaintiff's] posture was normal. Dr. Bahn's conclusions are not consistent with the entire medical evidence of record and therefore the conclusion that he is unemployable is not seen to be persuasive in this decision.

Following a subsequent evaluation of [Plaintiff], Dr. Bahn concluded that [Plaintiff] has decline in functional ability due to worsening chronic pain, weakness, and parenthesis progressing into bilateral shoulder, wrists, hands, lower back, bilateral hips, knees, ankles, and feet. Spinal scoliosis is a contributing factor for his pain and requires further assessment. Dr. Bahn reported [Plaintiff] has worsening burning and paresthesia in bilateral hands and bilateral feet. His lower back pain is worsening and now radiates into bilateral hips, bilateral legs, and bilateral feet causing weakness. Dr. Bahn noted [Plaintiff] has bilateral lower extremity weakness and parenthesis causes difficulty with ambulation[.] His activity tolerance continues to worsen related to muscle weakness and pain. He has worsening anxiety, insomnia, and depression related to progressive pain, progressive physical limitations, and growing financial strain. Dr. Bahn again concluded that there was evidence that [Plaintiff] was unemployable. The subsequent evaluation was shortly after the first evaluation. Dr. Bahn has also seemingly relied on [Plaintiff's] subjective reports in his outline reasoning as to why he believed [Plaintiff] was unemployable. Again, as mentioned above, [Plaintiff] presents differently to other examiners and his treating

11

> providers who have documented fairly benign exam findings. Notably, during a July 2023 ER visit for knee pain, [Plaintiff] reported that his knee pain waxes and wanes and he denied back pain lumbar pain, myalgia, neck pain, or thoracic pain and during a recent August 2023 ER visit for ear pain, [Plaintiff] reported no other complaints. The undersigned does not find Dr. Bahn's opinion or the exam findings persuasive in this determination. The record as a whole demonstrates [Plaintiff's] capacity for light work as outlined in this determination.

Tr. at 33-34 (citations omitted).

The ALJ adequately assessed the required supportability and consistency factors, and his findings are supported by substantial evidence. Plaintiff's suggestion that the ALJ was "speculat[ing]" when finding that Dr. Bahn's report was overly reliant on Plaintiff's subjective complaints is unavailing. The ALJ only made these findings with regard to Dr. Bahn's second report. See Tr. at 33-34. Also, although the second report does contain some objective examination findings, the overall impressions appear to rely heavily on Plaintiff's subjective complaints about a worsening of his conditions following the first (three months earlier) evaluation. See Tr. at 586, 587, 589-90. Moreover, the ALJ relied on Plaintiff's presentment to "other examiners" in finding that Dr. Bahn's opinions were not supported by the record, not only the emergency room visits about which Plaintiff complains. See Tr. at 35. Overall, the Court is satisfied that the ALJ adequately considered and addressed the required factors with respect to Dr. Bahn's opinions.

Regarding Dr. Kirkendall, he authored a post-evaluation report on September 27, 2022. Tr. at 579-84. Plaintiff argues the ALJ erred in finding Dr. Kirkendall's opinion to be "somewhat inherently inconsistent." Pl.'s Br. at 13 (quoting Tr. at 34). Plaintiff also contends the ALJ erred in finding that Dr. Kirkendall's opinion is not supported by the record. Id. at 14. Responding, Defendant asserts that the ALJ properly considered Dr. Kirkendall's opinion, and his findings are supported by substantial evidence. Def.'s Mem. at 8-9.

The ALJ comprehensively summarized Dr. Kirkendall's opinion, Tr. at 31, and then wrote the following when evaluating it:

> Dr. Kirkendall opined that vocationally, no evidence of limitation was noted as related to [Plaintiff's] ability to follow and understand simple directions and instructions or to perform simple tasks independently. [Plaintiff's] ability to maintain attention and concentration is mildly limited. [Plaintiff's] ability to maintain a regular schedule is markedly limited. [Plaintiff's] ability to learn new tasks or to perform complex tasks independently is markedly limited. [Plaintiff's] ability to make appropriate decisions or to adequately relate with others is moderately limited. [Plaintiff's] ability to appropriately deal with stress is markedly limited. These difficulties are caused by psychiatric problems. Dr. Kirkendall's assessment is somewhat inherently inconsistent, as he suggests [Plaintiff] is capable of unskilled work, but in another sense, he advises that [Plaintiff] cannot maintain a regular schedule. The record does not support this finding. Treatment notes reflect that [Plaintiff] attends his medical appointments as scheduled. [Plaintiff] has also reported he can utilize public transportation. He has reported that he can manage his personal care independently and go places independently. This does

13

> not support Dr. Kirkendall's conclusions that [Plaintiff] cannot maintain a schedule. As to Dr. Kirkendall's other findings and limitations assessed, the undersigned has considered the opinion and has limited [Plaintiff] to a low stress work environment, with no production line, simple tasks and avoiding contact with the public and co-workers. Overall, Dr. Kirkendall's assessment is deemed partially persuasive.

Tr. at 34 (citation omitted).

The ALJ did not reversibly err in evaluating Dr. Kirkendall's opinion. The ALJ appropriately observed that evidence outside of the Dr. Kirkendall's evaluation—including Plaintiff's self reports—tends to detract from Dr. Kirkendall's finding that Plaintiff has "marked" limitation in maintaining a regular schedule. Tr. at 34, 583; see Tr. at 583 (Plaintiff reporting he can manage personal care and money, drive (without a valid license), and take public transportation). Moreover, the ALJ accepted some aspects of Dr. Kirkendall's opinion, limiting Plaintiff vocationally from a mental perspective. The ALJ's findings are supported by substantial evidence.

### B. Subjective Complaints and RFC

Plaintiff argues the ALJ erred in evaluating his subjective complaints about how his impairments affect him, as well as in assigning the mental aspect of his RFC. Pl.'s Br. at 15-24.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing:

14

(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)); see also Malak v. Comm'r of Soc. Sec., 131 F.4th 1280, 1287 (11th Cir. 2025). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with

15

other evidence." <u>Raper</u>, 89 F.4th at 1277 (citation omitted); <u>see</u> 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. <u>Wilson</u>, 284 F.3d at 1225; <u>see also</u> <u>Malak</u>, 131 F.4th at 1287; <u>Dyer</u>, 395 F.3d at 1210; <u>Marbury v. Sullivan</u>, 957 F.2d 837, 839 (11th Cir. 1992). Moreover, "the episodic nature of" certain mental disorders must be considered by an ALJ.  <u>Schink v. Comm'r of Soc. Sec.</u>, 935 F.3d 1245, 1268 (11th Cir. 2019); <u>see also, e.g.,</u> <u>Simon v. Commissioner, Social Security Administration</u>, 7 F.4th 1094, 1106 (11th Cir. 2021).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; <u>see also</u> <u>Pupo v. Comm'r, Soc. Sec. Admin.</u>, 17 F.4th 1054, 1064 (11th Cir. 2021) (citing <u>Schink</u>, 935 F.3d at 1268); <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must

consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

"[B]efore denying an application based on a claimant's failure to comply with prescribed medical care, the ALJ must consider whether the claimant is able to afford the medical care." Brown v. Comm'r of Soc. Sec., 425 F. App'x 813, 817 (11th Cir. 2011) (citing Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003)). A claimant's inability to afford medical care excuses his or her lack of such care. Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) (stating that the court "agree[s] with every circuit that has considered the issue that poverty excuses noncompliance [with prescribed medical treatment]") (citations omitted). "Nevertheless, if the claimant's failure to follow medical treatment is not one of the principal factors in the ALJ's decision, then the ALJ's failure to consider the claimant's ability to pay will not constitute reversible error." Id. (citing Ellison, 355 F.3d at 1275).

According to Plaintiff, the ALJ erred in evaluating his subjective complaints by failing to adequately take into account his limited financial resources; by drawing "an adverse inference" due to a lack of evidence to support his claim; by failing to take into account the poor medical compliance was a symptom of his mental disorder; and by "penaliz[ing] Plaintiff for expressing aspirations to return to work." Pl.'s Br. at 16-19, 18. Regarding the mental RFC, Plaintiff again contends the ALJ erred in failing to take into account the

17

"episodic" nature of his mental impairment, but also in making findings about avoiding contact with the public or co-workers. Id. at 20-24. Responding, Defendant contends the ALJ properly considered Plaintiff's subjective complaints and correctly arrived at the RFC. Def.'s Mem. at 9-15.

The ALJ summarized Plaintiff's testimony about how he is affected by his impairments, Tr, at 27-28, and then found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 28. The ALJ further detailed the medical evidence, Tr. at 28-29, observing as to Plaintiff's physical impairments that his "course of treatment has been rather conservative and has generally revealed his pain has been well managed and would not interfere with his ability to perform light work," Tr. at 29.

Regarding Plaintiff's mental impairments, the ALJ found that "the record does not suggest that [Plaintiff's] symptoms are such that precludes [Plaintiff] from all work activity." Tr. at 30. The ALJ then found that "[c]linical evaluations and [Plaintiff's] course of treatment have not been entirely impressive and overall demonstrate [Plaintiff's] capacity for unskilled work." Tr. at 30. The ALJ observed that Plaintiff was prescribed "Seroquel and Risperidone" and stopped taking Seroquel shortly after it was prescribed. Tr. at 31. The ALJ also stated

18

that when Plaintiff "was prescribed psychotropic medications, he took several months to fill prescriptions." Tr. at 31 (citing Exhibit 13F/9, located at Tr. at 658). These findings are supported by substantial evidence.

The ALJ also found that Plaintiff's work activity post-dating his alleged onset date, while not rising to the level of substantial gainful activity, "is inconsistent with his allegations and at least demonstrates some capacity to work." Tr. at 24. Contrary to Plaintiff's contention that the ALJ held it against him that he had a goal to work, it appears in context that the ALJ observed that Plaintiff's self-reporting regarding his various jobs and attempts at getting jobs has some "inconsistencies." Tr. at 32.

The ALJ also took into account that Plaintiff has limited financial resources, specifically noting Plaintiff's inability to move to Atlanta for a job offer "due to lack of housing" and noting that Plaintiff had been "staying at the Atlanta Mission for a period." Tr. at 32. And, in any event, it does not appear the ALJ relied principally on Plaintiff's failure to follow medical care to deny the claim. See Dawkins, 848 F.2d at 1213 (citing Ellison, 355 F.3d at 1275).

This is not a case of an ALJ's failure to account for a fluctuation in symptoms, as Plaintiff contends. See Pl.'s Mem. at 18, 20-21. Rather, the ALJ's Decision reflects consideration of the evidence on the whole and specifically cites evidence both within and outside of the treatment notes that shows Plaintiff's capacity to work. The ALJ even recognized: "though [Plaintiff's]

symptoms may wax and/or wane, providers have never felt the need for more extensive treatment and have maintained a conservative course of treatment." Tr. at 31-32.

In assigning the RFC, the ALJ limited Plaintiff mentally to a low stress job, no production line, simple tasks, and avoiding contact with the public or co-workers. Tr. at 26. Regarding the latter limitation, the ALJ wrote that Plaintiff "needs tasks that do not require the assistance of others or require him to assist others in the performance of their tasks." Tr. at 26. Plaintiff argues this limitation is "inconsistent with the step three finding of a mere 'moderate' limitation in interacting with others." Pl.'s Br. at 24. But, even if it is somehow inconsistent, the RFC is more restrictive in this regard, so any inconsistency would be harmless. Plaintiff also contends the restriction "defies the basic mental demands of competitive employment, including responding appropriately to coworkers or supervisors." Id. But, the ALJ presented to the VE a hypothetical containing this RFC limitation, resulting in VE testimony that Plaintiff can perform a number of jobs that exist in significant numbers in the national economy. See Tr. at 61-63. The ALJ so found in the Decision, Tr. at 35-36, and the VE's testimony provides substantial evidence to support such findings.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 13, 2026.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

21